IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

| | |
|---|---|
| **THOMAS RALPH BURTON, JR.,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **MICHAEL J. ASTRUE,** ) <br> Commissioner, Social Security ) <br> Administration ) <br> ) <br> Defendant. ) <br> ) | Civil Action No. CBD-09-149 |

**MEMORANDUM OPINION**

Thomas Ralph Burton, Jr., ("Plaintiff") brought this action under 42 U.S.C. § 405(g) for judicial review of the final decision of the Commissioner of the Social Security Administration ("Commissioner"), denying Plaintiff's claim for Disability Insurance Benefits ("DIB") under Title II of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, and Supplemental Social Security Income ("SSI") payments under Title XVI of the Social Security Act, 42 U.S.C. 1382 et seq. Before the Court are Plaintiff's Motion for Summary Judgment ("Plaintiff's Motion") and Commissioner's Motions for Summary Judgment ("Commissioner's Motion"). The Court has reviewed said motions and the applicable law. No hearing is deemed necessary. Local Rule 105.6 (D. Md.). For the reasons presented below, the Court hereby DENIES Plaintiff's Motion and DENIES Commissioner's Motion and REMANDS this matter to the Social Security Administration for further proceedings consistent with this opinion.

**I. Background**

Plaintiff filed for DIB and SSI on June 18, 2006, alleging disability since June 1, 2006. (R. 82, 86). His claims were denied initially and upon reconsideration. (R. 11). On May 7,

2008, a hearing was held before an Administrative Law Judge ("ALJ"), at which Plaintiff was represented by counsel. (R. 20-45). On September 4, 2008, the ALJ determined in a written decision that Plaintiff was not disabled within the meaning of the Act. (R. 12). Plaintiff subsequently requested review of the ALJ's decision by the Appeals Council, which was denied on November 25, 2008, making the ALJ's decision final and appealable. (R. 1-6).

At the time of the hearing, Plaintiff was 57 years old. (R. 23). Plaintiff is divorced and at that time lived with his brother and nephew in a first floor apartment. (R. 23). Plaintiff testified to having gone as far as the twelfth grade in school. (R. 23). Plaintiff's sources of income are Social Services, Food Stamps and PAC, which is Medical Assistance through the State. (R. 26).

## II. ALJ's Decision

The ALJ evaluated Plaintiff's claim using the five-step sequential process set forth in 20 C.F.R. §§ 404.1520 and 416.920. At the first step, the ALJ determined that Plaintiff has not engaged in substantial gainful activity ("SGA") since June 1, 2006 - the alleged onset date. (R. 13). At the second step, the ALJ determined that Plaintiff has severe impairments, including degenerative disc disease, arthritis of the lumbar spine and non insulin dependent diabetes mellitus. (R. 13). At the third step, the ALJ determined that Plaintiff does not have an impairment or combination of impairments that meets or medically equals one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (R. 14). At the fourth step, the ALJ determined that Plaintiff has the residual functional capacity ("RFC") to perform medium work as defined in 20 C.F.R. § 404.1567(b) and 416.967(b), except that Plaintiff has a limited ability to push/pull in his upper extremities and cannot climb ladders, ropes, scaffold or balance. (R. 14). Further, Plaintiff can only "occasionally climb ramps and stairs, stoop, kneel, crouch or crawl." (R. 14). Plaintiff is capable of performing his past relevant work ("PRW") as an

injection molding machine operator and security guard.[1] (R. 18). As such, the ALJ concluded that Plaintiff has not been under a disability, as defined by the Act from June 1, 2006 to the date of the decision [September 4, 2008]. (R. 18-19).

### III. **Standard of Review**

The role of this Court is to determine whether substantial evidence supports the Commissioner's decision and whether the Commissioner applied the correct legal standards. 42 U.S.C. §405(g); Hayes v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990); Coffman v. Bowen, 829 F.2d 514, 517 (4th Cir. 1987). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)). It is more than a scintilla, but less than a preponderance, of the evidence presented. Shively v. Heckler, 739 F.2d 987, 989 (4th Cir. 1984). "If there is evidence to justify a refusal to direct a verdict were the case before a jury, then there is substantial evidence." Johnson v. Califano, 434 F. Supp. 302, 307 (D. Md. 1977). Ordinarily if there is substantial evidence to support the decision of the Commissioner, then that decision must be upheld. Smith v. Schweiker, 795 F.2d 343, 345 (4th Cir. 1986). This Court cannot try the case de novo or resolve evidentiary conflicts, but rather must affirm a decision supported by substantial evidence. Id.

The Court must also determine whether the Commissioner followed correct procedures. "A factual finding by the ALJ is not binding if it was reached by means of an improper standard or misapplication of the law." Coffman, 829 F.2d at 517. After review, the Court has the power to affirm, modify, or reverse the decision of the Commissioner, with or without remanding the case for rehearing. 42 U.S.C. §405(g); Virek v. Finch, 438 F.2d 1157, 1158 (4th Cir. 1971).

---

[1] Despite using various titles to describe Plaintiff's past position (i.e. "machine molding operator," etc.) the Court will use the term "injection molding machine operator," generically.

Finally, it must be noted that hearings on applications for Social Security disability entitlement are not adversary proceedings. Easley v. Finch, 431 F.2d 1351 (4th Cir. 1970). Moreover, the Social Security Act is a remedial statute and it is to be broadly construed and liberally applied in favor of beneficiaries. Dorsey v. Bowen, 828 F.2d 246 (4th Cir. 1987). A claimant is entitled to a full and fair hearing and failure to have such a hearing may constitute sufficient cause to remand the case. Sims v. Harris, 631 F.2d 26 (4th Cir. 1980).

## IV. Analysis

Plaintiff raises two arguments as to why the ALJ's finding is not supported by substantial evidence. First, the ALJ's hypothetical question to the vocational expert ("VE") is inconsistent with his ultimate RFC. Second, it is error for the ALJ to conclude that Plaintiff's short stint as a security guard qualifies as PRW, particularly considering his total earnings at this position is only $1,347.88. As to the first assertion, the Commissioner agrees with Plaintiff's contention that the ALJ's finding that Plaintiff can return to his PRW as an injection molding machine operator is not supported on the current record. (ECF 30, pp 9). Because the problem with the hypothetical touches upon both arguments, the Court will address both arguments together.

In order for a vocational expert's opinion to be relevant or helpful, it must be based upon a consideration of all other evidence in the record. Chester v. Mathews, 403 F. Supp. 110 (D. Md. 1975). In addition, it must be in response to proper hypothetical questions which fairly set out all of claimant's impairments. Stephens v. Secretary of Health, Education and Welfare, 603 F.2d 36 (8th Cir. 1979). The opinion of a vocational expert must be based on more than just the claimant's testimony – it should be based on the claimant's condition as gleaned from the entire record. Walker v. Bowen, 889 F.2d 47, 51 (4th Cir. 1989). That said, when posing hypothetical questions, the ALJ "need only pose those that are based on substantial evidence and accurately

4

reflect the plaintiff's limitations." France v. Apfel, 87 F. Supp. 2d 484, 490 (D. Md. 2000) (citations omitted). See also, McPherson v. Astrue, 605 F. Supp .2d 744, 761 (S.D.W.Va. 2009) ("It is not necessary that the hypothetical mention the underlying diagnoses[], what is important is that the VE is presented with an accurate picture of the Plaintiff's limitations.") (citation omitted)).

At the hearing the following was asked of the VE:

By the ALJ
Q: Assume we have an individual of the same age, education and past work experience as the claimant. Assume I found the individual, the Exhibit 4-F was a correct reflection of his residual functional capacity, which indicates: an ability to lift 50 pounds occasionally, 25 pounds frequently; stand and walk about six hours in an eight-hour work day; sit about six hours; unlimited pushing and pulling with the upper extremities; should never climb ramps and stairs; occasionally stooping, kneeling, crouching and crawling. Any of the past work be done?

A: There were some jobs which he performed that were medium in exertion as he described them. One of the jobs was the injection molding. That job is medium and it would be consistent with that hypothetical. Then there were some other jobs that he performed that was light, such as the security guard. Then there was additional work which I think as he performed it would have been medium. So I would definitely say the security guard he could do.

By the Attorney
Q: If I was to change Your Honor's hypothetical with Exhibit 7-F, where this person is limited to standing only two hours in a eight-hour day, what impact would that have on the past relevant work?

A: It would indicate they would not be able to do the past relevant work. (R. 44)

Plaintiff is correct that the hypothetical presented to the VE is inconsistent with the ALJ's ultimate RFC – a point the Commissioner concedes is true. Because the VE was not presented with limitations that were on par with the RFC, there is not substantial evidence to support a finding that Plaintiff is capable of performing his PRW for either job. The Commissioner agrees with Plaintiff that given the ALJ's decision, Plaintiff cannot perform his PRW as an injection

molding machine operator. Thus the Court need only address the issue of the PRW as a security guard.

Plaintiff contends that it was error for the ALJ to conclude that the brief time spent working at the security guard position was PRW because Plaintiff did not earn enough for it to be considered substantial gainful activity ("SGA"). (Plaintiff's Motion at 5) (citing 20 C.F.R. § 404.1574(c)(1) (2009)). It is clear that work will not be considered SGA if, "after working for a period of 6 months or less, your impairment forced you to stop working or to reduce the amount of work you do so that your earnings … fall below the SGA level." 20 C.F.R. § 404.1574(c)(1) (2009). Here, Plaintiff fails to provide any explanation for why the security guard position ended. Thus, absent evidence to the contrary, there is no reason that the ALJ must conclude that the security position is not PRW. That notwithstanding, "[a] finding that the individual did not engage in SGA during a particular period, however, does not answer the question of the individual's *ability* to engage in SGA." SSR 83-33, 1983 WL 31255 (1983). This is because the presumption of SGA arising from Plaintiff's earnings is not to be rigidly applied and may be rebutted. 20 C.F.R. § 404.1574(b)(2). See also, Payne v. Sullivan, 946 F.2d 1081 (4th Cir. 1991) (noting that the ALJ did not only consider the claimant's monthly earnings but "also relied on many more factors" in finding that he had engaged in substantial gainful activity as security guard.)

The problem is not that the ALJ concluded that the security guard position was PRW. It is the presumption that Plaintiff can perform the position in light of the RFC. The Court cannot assume that if presented with the correct RFC that the VE would conclude that Plaintiff can return to his PRW as a security guard. Though the VE described the security guard position as "light," this does not amount to substantial evidence to support the conclusion that Plaintiff can

perform this PRW with the limitations the ALJ found. For the Court to reach any other determination would be conclusory.

In addition, the Court is troubled that in reaching the conclusion that Plaintiff is not disabled, the ALJ made several references to periods in time when Plaintiff failed to obtain medical treatment. The inference being twofold: first, that Plaintiff's claims regarding the intensity of his pain are not credible and second, given the lack of visits, such claims are therefor not supported by the medical evidence. Ordinarily, credibility determinations made by ALJ's are to be given deference because they are able to observe a plaintiff during the proceedings, but here the ALJ does not state that he made such observations. Not only is the record silent as to his observations of Plaintiff's pain or discomfort at the hearing, the ALJ makes no effort to inquire about Plaintiff's apparent lack of funds and what, if any, impact that had on Plaintiff's history of care.

In <u>Lovejoy v. Heckler</u>, the Secretary rejected the claimant's allegations of "severe disabling pain." 790 F.2d 114, 117 (4th Cir. 1987). The Fourth Circuit found that the Secretary's determination was "predicated upon an erroneous finding concerning the severity of her impairment." <u>Id.</u> The Court noted that there was uncontradicted testimony that the claimant could not afford further medical treatment. The Court reasoned that to fault a claimant for not seeking treatment when the claimant is too poor to get the treatment in the first place, is incongruous with the purpose of the Act. <u>Id.</u>

As in <u>Lovejoy</u>, it seems in the instant matter that there is uncontradicted testimony that Plaintiff did not seek medical treatment because he could not afford it. At the hearing, Plaintiff answered in the affirmative when asked by his attorney whether a more recent MRI or X-ray of

his back was needed. Subsequently, he was asked why the doctor has not been able to order one, to which Plaintiff responded "[b]ecause the insurance I have through PAC, it won't cover it." (R. 34). The Court makes no determination as to what, if any, impact a more substantive inquiry and response would have on the ultimate decision. That said, the ALJ's decision must be supported by substantial evidence. Thus, if the ALJ concludes that such an assertion of a lack of funds is not credible, then it is the ALJ's duty to specifically state the reasons for his conclusions, which is required with all credibility determinations. SSR 96-2P, 1996 WL 374188 (July 2, 1996). The Court is nonetheless concerned that here there appears to be uncontradicted testimony of Plaintiff's inability to afford medical treatment. The ALJ is not free to simply ignore this evidence.

## V. Conclusion

Based on the foregoing, the Court DENIES Plaintiff's Motion, DENIES Commissioner's Motion and REMANDS this matter to the Social Security Administration for further proceedings consistent with this opinion.

October 20, 2010                                    _____/s/_____
                                                    Charles B. Day
                                                    United States Magistrate Judge


CBD/sm